ROSA K. HIRJI, SBN 204722
JENNY CHAU, SBN 274360
ALEX RODRIGUEZ, SBN 322700
**LAW OFFICES OF HIRJI & CHAU, LLP.**
rosa@rkhlawoffice.com
5173 Overland Avenue
Culver City, California 90230
(310) 391-0330 * (310) 943-0311 fax

Attorneys for Plaintiffs HARRY GERS, JENN GERS, and GLENN GERS

**UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF THE STATE OF CALIFORNIA**

| | |
|---|---|
| HARRY GERS, JENN GERS, and GLENN GERS<br><br>       Plaintiffs,<br><br>v.<br><br>NEW ROADS SCHOOL, and DOES 1 through 10, inclusive,<br><br>       Defendants. | Case No.: [UNASSIGNED]<br><br>**COMPLAINT FOR DAMAGES FOR DISABILITY DISCRIMINATION AND BREACH OF CONTRACT** |

   Plaintiffs HARRY GERS, JENN GERS, and GLENN GERS bring this action against Defendant NEW ROADS SCHOOL alleging that Defendants failed to accommodate a disabled student, and then retaliated against parents' advocacy efforts by dismissing the student from his school. Plaintiffs bring this action against Defendants, alleging disability-based discrimination, breach of written contract, unconscionable contract, and unjust enrichment. Plaintiffs seek monetary remedies to compensate them for their losses and injuries.

   In support of this complaint (the "Complaint"), Plaintiffs allege as follows:

1
COMPLAINT FOR DAMAGES FOR DISABILITY DISCRIMINATION AND
BREACH OF CONTRACT

## JURISDICTION AND VENUE

1. Plaintiffs allege violations of the Americans with Disabilities Act (42 U.S.C. §§12131 et seq.) ("ADA"), and Section 504 of the Rehabilitation Act of 1973 (29 U.S.C. §794 et seq.) ("Rehabilitation Act"), such that the jurisdiction of this Court is proper pursuant to 28 U.S.C. §§1331 and 1343.

2. Plaintiffs additionally allege violations the Unruh Civil Rights Act ("Unruh Act") (Cal. Civ. Code § 51 (e)(1)) and the Court can properly exercise supplemental jurisdiction under 28 U.S.C. §1367.

3. Plaintiffs additionally allege violations for Breach of Contract and the Court can properly exercise supplemental jurisdiction under 28 U.S.C. §1367.

4. Venue in this Court is proper under 20 U.S.C §1391(b) because Defendant is located within Los Angeles County, which is within the jurisdiction of this district and all of the events that are the subject of this complaint took place within the jurisdiction of this district.

## PARTIES

5. Plaintiff HARRY GERS ("HARRY") is, and at all times pertinent to this Complaint has been, a natural person residing in the City of Los Angeles, County of Los Angeles, state of California.

6. Plaintiff JENN GERS is, and at all times pertinent to this Complaint has been, a natural person residing in the City of Los Angeles, County of Los Angeles, state of California.

7. Plaintiff GLENN GERS is, and at all times pertinent to this Complaint has been, a natural person residing in the City of Los Angeles, County of Los Angeles, state of California.

8. Defendant NEW ROADS SCHOOL is, and at all times pertinent to this Complaint has been, a nonprofit corporation whose territorial jurisdiction lies within the County of Los Angeles, state of California.

9. Plaintiffs are ignorant of the true names of defendants DOES 1 through 10, inclusive ("Doe Defendants"), and therefore sue those defendants by such fictitious names. Plaintiffs will seek leave of court to amend this complaint to allege said defendants' true names and capacities as soon as Plaintiffs ascertains them. Plaintiffs are informed and believes, that a reasonable opportunity for further investigation and discovery is likely to provide evidentiary support for the allegation and on the basis of such information and belief alleges, (1) that at all times herein mentioned, that Doe Defendants were, and each of them was, acting as a principal and as the duly authorized acting agent, and/or employee of each of Defendant; (2) that all acts and things herein alleged to have been done by the Doe Defendants were done on their own behalf, and on behalf of Defendant; and (3) that said acts were within the course and scope of their employment for Defendant.

## FACTS COMMON TO ALL CLAIMS

10. HARRY was 16 years old at the time of the violations alleged herein.

11. Plaintiff JENN GERS is HARRY mother.

12. Plaintiff GLENN GERS is HARRY's father.

13. HARRY has a Learning Disorder, Generalized Anxiety Disorder, and Autism Spectrum Disorder.

14. HARRY's condition substantially limits his life activities, including his ability to learn, maintain concentration, and attend school.

15. Throughout the time pertinent to this complaint, and by virtue of his disabilities, HARRY requires accommodations, related aids and services at school. Those accommodations include but not limited to specific support math-based subjects, extended time on all work and tests, access to lecture notes, advanced notice and planning for upcoming tests or large assignments, preferential seating, shorter school days, and reduced course schedule.

16. At all times pertinent to this Complaint, HARRY was a student eligible to be

enrolled in NEW ROADS SCHOOL's programs.

17. Between September 2012 and November 2016, HARRY was enrolled at NEW ROADS.

18. On or around December 28, 2013, JENN and GLENN GERS obtained a private neuropsychological evaluation to determine the nature of HARRY's disabilities and their impact on school.

19. The December 28, 2013 Neuropsychological Evaluation was shared with NEW ROADS SCHOOL, and its employees.

20. On or around June 2015 when HARRY was nearing the end of his 8th grade school year at NEW ROADS SCHOOL, he missed a substantial amount of school days due to depression and anxiety symptoms.

21. When HARRY missed school days toward the end of his 8th grade school year, JENN GERS informed his teachers and administrators that the absences were due to HARRY's disabilities, and requested that he receive accommodations and/or supports. NEW ROADS SCHOOL declined to offer any accommodations and/or supports.

22. On or around June 2016, HARRY was registered for a 10th grade Humanities course to take over the summer at NEW ROADS SCHOOL.

23. The NEW ROADS SCHOOL policy for summer courses only allowed for three absences, with no exceptions to the rule.

24. On or around June 26, 2016 during the last week of the 10th grade Humanities course, HARRY experienced high anxiety and panic attacks.

25. Due to these disability related symptoms, HARRY could no longer attend the last week of the 10th grade Humanities course.

26. Missing the last week of the 10th grade Humanities course caused HARRY to violate the three absences rule.

27. On or around July 27, 2016, during the last week of the 10th grade Humanities course, the instructor, notified HARRY that he failed the course and that there were no exceptions to the three absences rule.

28. After receiving the email that HARRY failed the course, JENN GERS complained about the policy to NEW ROADS SCHOOL administrators and reiterated that HARRY needed accommodations and supports to complete the course requirements.

29. While Ryan Hawley, the Assistant Head of NEW ROADS SCHOOL eventually approved some of the accommodations, the instructor refused to allow all of them. On or around July 29, 2016, JEN GERS notified NEW ROADS SCHOOL of their employee's actions.

30. On or around June 2016, HARRY, JENN, and GLENN GERS all signed the NEW ROADS SCHOOL student enrollment contract for returning families for the 2016 to 2017 school year.

31. Prior to signing the NEW ROADS SCHOOL student enrollment contract for returning families for the 2016 to 2017 school year, HARRY, JENN, and GLENN GERS were never orally advised of the contents of the agreement.

32. The NEW ROADS SCHOOL student enrollment contract for returning families for the 2016-2017 school year states that enrollment fees are non-refundable in any circumstances.

33. The NEW ROADS SCHOOL student enrollment contract for returning families for the 2016-2017 school year states that Parent/Legal Guardian agrees that if New Roads School offers admission and reserves a position for the school year listed above, Parent/Legal Guardian is jointly and severally obligated to pay the Total Payment Obligation, for the full school year, whether or not the student completes the school year, is withdrawn, absent, or dismissed, for all or any portion of the school year.

34. The NEW ROADS SCHOOL student enrollment contract for returning families for the 2016-2017 school year states that, Parent/Legal Guardian acknowledges that New Roads School has the right to dismiss the above-named student if and when, in the opinion of New Roads School, his/her presence in the school is detrimental to the welfare of the school or the family is perceived by the Head of School to be detrimental

to the well-being or spirit of the community. Early withdrawal or removal from school does not release a party from financial obligation.

35. The NEW ROADS SCHOOL student enrollment contract for returning families for the 2016-2017 school year states that, New Roads reserves the right to dismiss the above named student if and when, in the sole discretion of New Roads School, any of the following circumstances are present: (1) the student's presence is adjudged to be detrimental to the welfare of the school, its staff or other students;...(3) in the opinion of the Head of School parent(s)/guardian(s) have not worked with school personnel in a cooperative spirit to support the needs of the student as required by the Student and Parent Handbook; (4) the student has been unable to meet the academic, social or behavioral standards of the school based upon the administration's exclusive interpretation of such standards as expressed in the Student and Parent Handbook and elsewhere, or other standards set by the school.

36. The NEW ROADS SCHOOL student enrollment contract for returning families for the 2016-2017 school year states that, in the event that any action should be brought for the enforcement of this agreement, or the collection of any sums due under the foregoing terms, Parent/Legal Guardian agrees to pay reasonable attorney's fees and/or collection costs incurred by New Roads School (including court and/or arbitration costs) in addition to any other damages to which New Roads School may be entitled.

37. During the 2016-2017 school year, HARRY started the 10th grade at NEW ROADS SCHOOL.

38. On or around August 8, 2016, GLENN GERS on HARRY's behalf, informed Ryan Hawley of NEW ROADS SCHOOL of HARRY's ongoing issues with anxiety, that HARRY was working with a private therapist, and that HARRY needed support from administrators and staff for his disability related needs.

39. NEW ROADS SCHOOL failed to provide the requested accommodations.

40. On or around September 2016, as a result of not receiving his accommodations, HARRY suffered from anxiety and panic attacks to the point that JENN GERS would

have to come down to the school site and sign him out early. Each time that HARRY suffered from a panic attack, JENN GERS alerted the school.

41. On or around September 2016, JENN GERS alerted NEW ROADS SCHOOL administrators, and staff, including but not limited to the school psychologist, Dr. Josie Breger, of HARRY's disability, and requested that emergency meetings be set up to get HARRY the support needed to access his education.

42. Between September and November 2016, JENN and GLENN GERS made complaints to NEW ROADS SCHOOL administrators about failure to provide HARRY his accommodations and necessary supports needed to access his education.

43. The complaints took the form of requesting meetings with administration, writing emails to school staff, and making phone calls requesting emergency meetings in order to get support and accommodations for HARRY. NEW ROADS SCHOOL was unresponsive.

44. On or around October 21, 2016, at JENN GERS' request, HARRY's psychiatrist, Dr. Rus Allen, telephoned Dr. Josie Breger. During the telephone call, Dr. Allen requested that HARRY be provided on a temporary basis, shorter school days and reduced course schedule, so that HARRY could slowly build up to handle full time academic course schedule.

45. On or around November 7, 2016, at JENN GERS' request, Dr. Allen telephoned NEW ROADS SCHOOL's director of a Spectrum Program, Elisa Schultz. During the telephone call, Dr. Allen requested that HARRY be provided on a temporary basis, shorter school days and reduced course schedule, so that HARRY could slowly build up to handle full time academic course schedule.

46. In direct response to Dr. Allen's requests, on or around November 16, 2016, NEW ROADS SCHOOL scheduled a meeting with JENN and GLENN GERS.

47. The November 16, 2016 meeting was attended by JENN and GLENN GERS and the following NEW ROADS SCHOOL employees: Patricia Bentivolgio, Upper School Director; Ryan Hawley, Assistant Head of School; Daniel Pennise, Upper School Dean

of Studies; Josie Breger, School Psychologist; and DOES 1 through 10.

48. At the November 16, 2016 meeting, NEW ROADS SCHOOL refused to engage in the interactive process to discuss reasonable accommodations and stated that because they were informed that HARRY could not attend as a full-time student, NEW ROADS SCHOOL was dismissing him from the program.

49. Throughout the 2016-2017 school year, Defendant NEW ROADS SCHOOL failed to offer or provide HARRY with reasonable accommodations for his known disability.

50. NEW ROADS SCHOOL dismissed Harry effective on November 16, 2016.

51. On or around December 2016, JENN and GLENN requested that NEW ROADS SCHOOL refund the 2016-2017 school year tuition due to HARRY unjustly being dismissed due to his disabilities. NEW ROADS SCHOOL never responded to their request.

52. The abrupt dismissal from his school caused HARRY to experience significant and debilitating emotional distress. For the remainder of the year, HARRY was unable to perform typical productive activities such as attending school, engaging in social activities, performing chores, and caring for himself.

53. HARRY seeks to recovery of direct and indirect expenses he incurred as a result of his dismissal from NEW ROADS SCHOOL, out of pocket costs for treatment, and compensation for his emotional distress.

54. JENN and GLENN GERS seek to recover direct and indirect expenses they incurred as a result of the unjust termination from NEW ROADS SCHOOL for the 2016-2017 school year, out of pocket costs, and compensation for their emotional distress.

//
//
//
//

# FIRST CLAIM OF RELIEF
VIOLATIONS OF TITLE III OF THE ADA
(By Plaintiff HARRY against All Defendants)

55. Paragraphs 1 through 54, inclusive, of this Complaint are incorporated by this reference as though fully set forth herein.

56. Title III of the ADA provides in pertinent part: "[N]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to) or operates a place of public accommodation." 42 U.S.C. § 12182(a).

57. NEW ROADS SCHOOL is a private entity that operates a place of public accommodation and therefore subject to ADA Title III of the ADA. 42 U.S.C. §12181(6)(7).

58. By virtue of his disability as described in Paragraphs 13 through 15, inclusive, and Paragraphs 18 through 19, inclusive, Plaintiff is a qualified individual with a disability within the meaning of the Americans with Disabilities Act ("ADA") and regulations issued thereunder.

59. At all times relevant to this complaint, Plaintiff's disability substantially limited his major life activities including his ability to learn, concentrate and attend school.

60. HARRY required the accommodations described in Paragraph 15, inclusive, in order to attend school, received the benefit of NEW ROADS SCHOOL's programs, and ensure that he had meaningful access to NEW ROADS SCHOOL's programs comparable to the access provided to non-disabled students.

61. Defendant knew about HARRY's disability related needs because it was placed on notice as described in Paragraphs 13 through 21, inclusive, Paragraphs 28 through 29, inclusive, Paragraph 38, inclusive, and Paragraphs 40 through 45, inclusive.

62. Defendant breached its duties under the ADA by excluding HARRY from its programs due to his disability when it dismissed him for the sole reason that it did not want to provide reasonable accommodations that he required to participate in the

program as described in Paragraph 15, inclusive, and Paragraphs 46 through 51, inclusive.

63. Defendant breached its duties under the ADA by failing to make reasonable modifications to its rules and/or policies by not allowing HARRY to temporarily attend shorter school days and reduced course schedule, so that HARRY could slowly build up to handle full time academic course schedule as described in Paragraphs 46 through 51, inclusive.

64. Defendant breached its duties under the ADA by failing to engage in the interactive process to discuss reasonable accommodations in good faith as described in Paragraph 48, inclusive.

65. Plaintiff HARRY seeks an order compelling Defendant that all records of his dismissal from NEW ROADS SCHOOL be permanently expunged and destroyed.

## **SECOND CLAIM OF RELIEF**
VIOLATIONS OF THE ADA
ANTI-RETALIATION PROVISION
(By All Plaintiffs against All Defendants)

66. Paragraphs 1 through 65, inclusive, of this Complaint are incorporated by this reference as though fully set forth herein.

67. The anti-retaliation provisions of Title III of the ADA prohibit Defendants from retaliating against any individual who opposes any act or practice made unlawful by the ADA.

68. Through the acts described in Paragraph 38, inclusive, and Paragraphs 40 through 48, inclusive, JENN and GLENN GERS, engaged in protected activity to secure the rights of HARRY under the ADA by seeking accommodations from Defendant, complaining that teachers were not providing accommodations, scheduling meeting on October 21, 2016 and November 7, 2016 with NEW ROADS SCHOOL and Dr. Allen, and attending a meeting on November 16, 2016 in order to seek shortened school days and reduced course schedule for a temporary period.

69. On November 16, 2016, the same day that Plaintiffs requested shortened school days and reduced course schedule, Defendant took adverse action by refusing to engage in the interactive process to discuss reasonable accommodations and dismissing HARRY from NEW ROADS SCHOOL as described further in Paragraphs 41 through 51, inclusive.

70. Defendants proffered reason for the dismissal was that the request for accommodation demonstrated that HARRY could not be a full-time student, and therefore could not attend NEW ROADS SCHOOL.

71. The adverse actions described in Paragraphs 68 through 70, inclusive, interfered with the accommodations HARRY needed to attend NEW ROADS SCHOOL.

72. The adverse actions described in Paragraphs 68 through 70, inclusive, resulted in the exclusion of HARRY from his school on the basis of disability.

73. Plaintiffs HARRY, JENN GERS, and GLENN GERS seek general damages and special damages according to proof for the injuries they suffered set forth above.

### THIRD CLAIM OF RELIEF
VIOLATIONS OF THE REHABILITATION ACT
ANTI-RETALIATION PROVISION
(By All Plaintiffs against All Defendants)

74. Paragraphs 1 through 73, inclusive, of this Complaint are incorporated by this reference as though fully set forth herein.

75. Under the Rehabilitation Act, a qualified individual with a disability may not, solely by reason of his disability, be subjected to discrimination, excluded form participation in, or denied the benefits of, any program or activity receiving Federal financial assistance. 29 U.S.C. § 794(a).

76. Under the Rehabilitation Act, the phrase "program or activity" includes a local educational agency. 29 U.S.C. § 794(b)(2)(B).

77. Upon information and belief, Plaintiffs allege that NEW ROADS SCHOOL receives federal funding. Accordingly, it is subject to the Rehabilitation Act.

78. NEW ROADS SCHOOL is required under the Rehabilitation Act to provide a the least restrictive environment and comparable facilities, 34 C.F.R. §104.34, and provide minor adjustments to accommodations students with disabilities, 34 C.F.R. §104.39.

79. By virtue of HARRY's disability as described in Paragraphs 58 through 60, inclusive, HARRY is a qualified individual within the meaning of the Rehabilitation Act and regulations issued thereunder.

80. Defendants failed to provide HARRY the least restrictive environment and comparable facilities by failing to provide him with related aides, services and accommodations in the manner described in Paragraphs 62 through 64, inclusive

81. Defendant failed to provide HARRY minor adjustments to accommodate his disability by failing to provide him with related aides, services and accommodations in the manner described in Paragraphs 62 through 64, inclusive.

82. Pursuant to the Rehabilitation Act, which incorporates anti-retaliation provision from Title VI of the Civil Rights Act, Defendant and other employees, acting in their official and individual capacity, are prohibited from retaliating against Plaintiffs HARRY, JENN and GLEN GERS because they complaints or advocated for HARRY's rights under the Rehabilitation Act. 34 C.F.R. § 104.61 and 34 C.F.R. § 100.7(e).

83. JENN and GLENN GERS engaged in protected activity as described in Paragraph 68.

84. Defendant took a series of adverse actions as described in Paragraphs 69 through 70, inclusive, in direct response to the aforementioned protected activity, for the purpose of dismissing HARRY from NEW ROADS SCHOOL.

85. The aforementioned adverse actions interfered with HARRY's access to NEW ROADS SCHOOL's programs and resulted in his dismissal from the school as described in Paragraphs 71 through 72, inclusive.

86. Plaintiffs HARRY, JENN GERS, and GLENN GERS seek general damages and special damages according to proof for the injuries they suffered set forth above.

COMPLAINT FOR DAMAGES FOR DISABILITY DISCRIMINATION AND BREACH OF CONTRACT

**FOURTH CLAIM OF RELIEF**

VIOLATIONS OF THE UNRUH ACT

(By Plaintiff HARRY against all Defendants)

87. Paragraphs 1 through 86, inclusive, of this Complaint are incorporated by this reference as though fully set forth herein.

88. As defined for purposes of the Unruh Civil Rights Act (the "Unruh Act") by subdivision (e)(1) of section 51 of the Civil Code, and described in as described in Paragraphs 12 through 14, inclusive, and Paragraphs 17 through 19, inclusive, Plaintiff has a disability within the meaning of that Act.

89. Defendant NEW ROADS CHOOL is a business establishment for the purposes of the Unruh Act.

90. Pursuant to Civil Code §51(f), the ADA violation committed by Defendants as alleged in Paragraphs 56 through 64, inclusive, and Paragraphs 67 through 72, inclusive, also constitutes a violation of the Unruh Act.

91. Defendant engaged in discriminatory conduct that denied, aided or incited a denial of rights of HARRY to enjoy the full and equal access to his accommodations and Defendant's facilities, and services.

92. Defendant's actions excluded HARRY from its program.

93. Through the acts described in Paragraphs 44 through 51, inclusive, and Paragraphs 69 through 70, inclusive, Defendant's actions were intentional, willful, and affirmatively discriminatory towards Plaintiff's rights under the Unruh Act.

94. Under Civil Code §52(a), Plaintiff is entitled to recover statutory damages, general damages as well as treble damages according to proof.

**FIFTH CLAIM OF RELIEF**

BREACH OF CONTRACT

(By Plaintiffs HARRY, JENN and GLENN against all Defendants)

95. Paragraphs 1 through 94, inclusive, of this Complaint are incorporated by this

13
COMPLAINT FOR DAMAGES FOR DISABILITY DISCRIMINATION AND BREACH OF CONTRACT

reference as though fully set forth herein.

96. The alleged agreement between Plaintiffs and Defendant is written as set out by Paragraphs 30 through 36, inclusive.

97. Plaintiffs have duly performed all conditions and obligations owed Defendant under the Contract's terms, expect for those conditions and obligations that Defendant's conduct prevented or excused Plaintiffs from performing.

98. Defendant breached the contract referenced in Paragraphs 30 through 36, inclusive, by (1) discriminating against HARRY on account of his disability, (2) failing to provide an effective educational program for HARRY after it was given notice of his disabilities, (3) failing to provide reasonable accommodations to allow HARRY to have temporarily shorter school days and reduced course schedule, so that HARRY could slowly build up to handle full time academic course schedule, (4) failing to provide reasonable modifications to allow HARRY to attend NEW ROADS SCHOOL and (5) terminating its contract with HARRY without legitimate justification.

### SIXTH CLAIM OF RELIEF

UNCONSCIONABLE CONTRACT-CALIFORNIA CIVIL CODE § 1670.5

(By Plaintiffs HARRY, JENN and GLENN against all Defendants)

99. Paragraphs 1 through 98, inclusive, of this Complaint are incorporated by this reference as though fully set forth herein.

100. In the alternative, the alleged contract between Plaintiffs and Defendant that is written as set out by Paragraphs 30 through 36, inclusive, is unconscionable.

101. Pursuant to California Civil Code § 1670.5, "if the Court as a matter of law finds the contract or any clause of the contract to have been unconscionable at the time it was made, the Court may refuse to enforce the contract, or it may enforce the remainder of the contract without the unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result." A contract is deemed unconscionable when it is one that is so unfair to a party that no reasonable or informed

person would agree to it.

102. Defendant's conduct, as alleged hereinabove caused Plaintiffs to make an uninformed decision to enter into said agreement. Had Plaintiffs been reasonably informed of all material facts pertaining to said agreement, Plaintiffs would not have agreed to the terms.

103. The alleged agreement between Plaintiffs and Defendant is written as set out by Paragraphs 30 through 36, inclusive.

104. The terms of the alleged contract are unconscionable because the alleged contract is so one-sided that it is unfair to Plaintiffs as set out by Paragraphs 30 through 36, inclusive.

### SEVENTH CLAIM OF RELIEF

UNJUST ENRICHMENT

(By Plaintiffs HARRY, JENN and GLENN against all Defendants)

105. Paragraphs 1 through 104, inclusive, of this Complaint are incorporated by this reference as though fully set forth herein.

106. One may recover restitution for unjust enrichment when the person benefitting due to another's mistake, knew about the mistake and the circumstances surrounding the unjust enrichment. (*First Nationwide Savings v. Perry*, 11 Cal.App.4th 1657, 1664 (1992).

107. Plaintiffs allege that Defendant has unjustly received and retained the benefits and payments at the expense of Plaintiffs. Defendant has received the benefit of Plaintiffs' tuition payment due to Defendant's intentional, well-orchestrated, fraudulent, and deceptive course of conduct aimed at taking advantage of Plaintiffs' misfortune, misinformation, and lack of understanding of relevant and material information.

108. Defendant knew or reasonably should have known that Plaintiffs were mistaken in regards to the true material facts related to the tuition payment and used that to their own economic advantage.

109. Had Plaintiffs been fully informed of all facts pertaining to the loan agreement, as they should have been, they would have foregone entering into said agreement. Therefore, Plaintiffs demand that Defendant make restitution, in the amount to be determined at trial, as required by law.

## PRAYERS

WHEREFORE, Plaintiffs pray judgment as follows:

1. On FIRST CLAIM FOR RELIEF for equitable relief and attorney fees;
2. On SECOND CLAIM FOR RELIEF for general damages, special damages, and attorney fees;
3. On THIRD CLAIM FOR RELIEF for general damages, special damages, and attorney fees;
4. On FOURTH CLAIM FOR RELIEF, for statutory damages, general damages, special damages, treble damages, and attorney fees;
5. On FIFTH CLAIM FOR RELIEF, for restitution, general damages, and special damages;
6. On SIXTH CLAIM FOR RELIEF, for restitution, general damages, and special damages;
7. On SEVENTH CLAIM FOR RELIEF, for restitution, general damages, and special damages;
8. For ordinary costs of litigation; and
9. For such other and further relief as the Court may deem just and proper.

DATED: September 16, 2019

LAW OFFICES OF HIRJI & CHAU

Rosa K. Hirji
Attorney for Plaintiffs