Max S. Sank, Bar No. 211587
msank@lcwlegal.com
Alison R. Kalinski, Bar No. 266705
akalinski@lcwlegal.com
LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045
Telephone:   310.981.2000
Facsimile:   310.337.0837

Attorneys for Defendant NEW ROADS SCHOOL

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| HARRY GERS, JENN GERS, and GLENN GERS,<br><br>              Plaintiffs,<br><br>     v.<br><br>NEW ROADS SCHOOL, and DOES 1 through 10, inclusive,<br><br>              Defendant. | Case No.:  2:19-cv-08003-ODW(Ex)<br><br>Complaint Filed: September 16, 2019<br>FAC Filed: February 26, 2020<br>SAC Filed: August 21, 2020<br><br>**DEFENDANT NEW ROADS SCHOOL'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT** |
|---|---|

Defendant NEW ROADS SCHOOL ("Defendant" or "School") hereby answers the Second Amended Complaint ("SAC") of Plaintiffs HARRY GERS, JENN GERS, AND GLENN GERS ("Plaintiffs") as follows:

Answering the introductory, unnumbered first paragraph of the SAC, Defendant admits that Plaintiffs are seeking monetary remedies, but denies all of Plaintiffs' remaining allegations and that Plaintiffs are entitled to the damages or relief requested.

## JURISDICTION AND VENUE

1. Answering paragraph 1 of the SAC, Defendant admits that the SAC seeks relief under 28 U.S.C. section 1331, and that this Court has subject matter

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

1    jurisdiction for claims brought under that statute.  The remaining allegations of

2    paragraph 1 contain conclusions of law as opposed to factual allegations, and

3    accordingly, no answer is required.  To the extent an answer is required, Defendant

4    denies the remaining allegations of paragraph 1.

5        2.      Answering paragraph 2 of the SAC, Defendant admits that this Court

6    has supplemental jurisdiction for the state law claims alleged in the SAC.  The

7    remaining allegations of paragraph 2 contain conclusions of law as opposed to

8    factual allegations, and accordingly, no answer is required.  To the extent an answer

9    is required, Defendant denies the remaining allegations of paragraph 2.

10       3.      Answering paragraph 3 of the SAC, Defendant admits that this Court

11   has supplemental jurisdiction for the state law claims alleged in the SAC.  The

12   remaining allegations of paragraph 3 contain conclusions of law as opposed to

13   factual allegations, and accordingly, no answer is required.  To the extent an answer

14   is required, Defendant denies the remaining allegations of paragraph 3.

15       4.      Answering paragraph 4 of the SAC, Defendant admits that it is located

16   in Los Angeles County and venue in this Court is proper.  The remaining

17   allegations of paragraph 4 contain conclusions of law as opposed to factual

18   allegations, and accordingly, no answer is required.  To the extent an answer is

19   required, Defendant denies the remaining allegations of paragraph 4.

20                                    **PARTIES**

21       5.      Answering paragraph 5 of the SAC, Defendant admits that Plaintiff

22   HARRY GERS is a natural person and admits, on information and belief, that he is

23   a resident of the state of California.  As to the remaining allegations in paragraph 5,

24   Defendant is without sufficient knowledge or information to form a belief as to the

25   truth of those allegations and on that basis denies those allegations.

26       6.      Answering paragraph 6 of the SAC, Defendant admits that Plaintiff

27   JENN GERS is a natural person and admits, on information and belief, that she is a

28   resident of the state of California.  As to the remaining allegations in paragraph 6,

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

2

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

Defendant is without sufficient knowledge or information to form a belief as to the truth of those allegations and on that basis denies those allegations.

7.     Answering paragraph 7 of the SAC, admits that Plaintiff GLENN GERS is a natural person and admits, on information and belief, that he is a resident of the state of California.  As to the remaining allegations in paragraph 7, Defendant is without sufficient knowledge or information to form a belief as to the truth of those allegations and on that basis denies those allegations.

8.     Answering paragraph 8 of the SAC, Defendant admits that it is incorporated as a nonprofit public benefit corporation and is located in the county of Los Angeles, California.  The remaining allegations of paragraph 8 contain conclusions of law as opposed to factual allegations, and accordingly, no answer is required.  To the extent an answer is required, Defendant denies the remaining allegations of paragraph 8.

9.     Answering paragraph 9 of the SAC, the allegations are conclusions of law as opposed to allegations of fact, and accordingly, no answer is required.  To the extent an answer is required, Defendant denies the allegations.

## FACTS COMMON TO ALL CLAIMS

10.     Answering paragraph 10 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and on that basis denies each and every allegation contained therein.

11.     Answering paragraph 11 of the SAC, Defendant admits the allegations contained therein.

12.     Answering paragraph 12 of the SAC, Defendant admits the allegations contained therein.

13.     Answering paragraph 13 of the SAC, Defendant admits that during the time period of HARRY GERS's attendance at the School, JENN or GLENN GERS notified the School that HARRY has a Learning Disorder and Generalized Anxiety

3

Disorder.  As to the remaining allegations in paragraph 13, Defendant is without sufficient knowledge or information to form a belief as to the truth of those allegations and on that basis denies those allegations.

14.     Answering paragraph 14 of the SAC, the allegations are conclusions of law as opposed to allegations of fact, and accordingly, no answer is required.   To the extent an answer is required, Defendant is without sufficient knowledge or information to form belief as to the truth of the allegations contained therein and on that basis denies each and every allegation contained therein.

15.     Answering paragraph 15 of the SAC, Defendant admits that during the time period of HARRY GERS's attendance at School, the School provided HARRY with multiple accommodations.  As to the remaining allegations, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and on that basis denies each and every allegation contained therein.

16.     Answering paragraph 16 of the SAC, Defendant admits that HARRY GERS was enrolled in School until November 2016.  As to the remaining allegations in paragraph 16, Defendant is without sufficient knowledge or information to form a belief as to the truth of those allegations and on that basis denies those allegations.

17.     Answering paragraph 17 of the SAC, Defendant admits the allegations contained therein.

18.     Answering paragraph 18 of the SAC, Defendant admits that HARRY GERS's Neuropsychological Evaluation dated December 28, 2013 was shared with the School.  As to the remaining allegations in paragraph 18, Defendant is without sufficient knowledge or information to form a belief as to the truth of those allegations and on that basis denies those allegations.

19.     Answering paragraph 19 of the SAC, Defendant admits the Neuropsychological Evaluation dated December 28, 2013 was shared with some of

LIEBERT  CASSIDY  WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

4

Defendant's employees.  Defendant denies the remaining allegations in paragraph 19.

20.     Answering paragraph 20 of the SAC, Defendant admits that HARRY GERS missed a school days during his 8th grade year.  As to the remaining allegations contained in paragraph 20, Defendant is without sufficient knowledge or information to form a belief as to the truth of those allegations and on that basis denies those allegations.

21.     Answering paragraph 21 of the SAC, Defendant admits that JENN GERS requested accommodations for HARRY GERS and that HARRY missed school days during his 8th grade school year.  Defendant denies the remaining allegations contained in paragraph 21.

22.     Answering paragraph 22 of the SAC, Defendant admits the allegations contained therein.

23.     Answering paragraph 23 of the SAC, Defendant admits the allegations contained therein.

24.     Answering paragraph 24 of the SAC, Defendant admits during the last week of the 10th grade Humanities course, the School was informed of HARRY GERS experiencing anxiety and panic attacks.  As to the remaining allegations in paragraph 24, Defendant is without sufficient knowledge or information to form a belief as to the truth of those allegations and on that basis denies those allegations.

25.     Answering paragraph 25 of the SAC, Defendant admits HARRY GERS missed the last three days of his 10th grade Humanities class.  As to the remaining allegations in paragraph 25, Defendant is without sufficient knowledge or information to form a belief as to the truth of those allegations and on that basis denies those allegations.

26.     Answering paragraph 26 of the SAC, Defendant admits HARRY GERS violated the three absences rule regarding the 10th grade Humanities summer course.  Defendant denies the remaining allegations contained in paragraph 26.

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

Defendant New Roads School's Answer to Plaintiffs' Second Amended Complaint

27.     Answering paragraph 27 of the SAC, Defendant admits that the Gers family was made aware that Harry failed his 10th grade Humanities course.  As to the remaining allegations in paragraph 27, Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations and on that basis denies those allegations.

28.     Answering paragraph 28 of the SAC, Defendant admits that JENN GERS communicated with the School about HARRY GERS failing the course.  As to the remaining allegations in paragraph 28, Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations and on that basis denies those allegations.

29.     Answering paragraph 29 of the SAC, Defendant admits that it provided accommodations to HARRY GERS and that Defendant received an email from JENN GERS on July 29, 2016.  As to the remaining allegations in paragraph 29, Defendant is without sufficient knowledge or information to form a belief as to the truth of those allegations and on that basis denies those allegations.

30.     Answering paragraph 30 of the SAC, Defendant admits that JENN and GLENN GERS signed the New Roads School student enrollment contract for returning families for the 2016/2017 school year and opted for the single payment plan.  Defendant denies the remaining allegations contained in paragraph 30.

31.     Answering paragraph 31 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and on that basis denies each and every allegation contained therein.

32.     Answering paragraph 32 of the SAC, Defendant denies the allegations contained therein.

33.     Answering paragraph 33 of the SAC, Defendant admits the allegations contained therein.

34.     Answering paragraph 34 of the SAC, Defendant admits the allegations

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

6

contained therein.

35.     Answering paragraph 35 of the SAC, Defendant admits the allegations contained therein.

36.     Answering paragraph 36 of the SAC, Defendant admits the allegations contained therein.

37.     Answering paragraph 37 of the SAC, Defendant admits that it was informed that HARRY GERS had issues with anxiety and that he was working with a therapist.  As to the remaining allegations contained in paragraph 37, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and on that basis denies the remaining allegations contained therein.

38.     Answering paragraph 38 of the SAC, Defendant denies the allegations contained therein.

39.     Answering paragraph 39 of the SAC, Defendant admits that it was informed that HARRY GERS suffered from anxiety and panic attacks at school and at times JENN GERS picked him up early.  As to the allegation that "[e]ach time that HARRY suffered from a panic attack, JENN GERS alerted the school," Defendant is without sufficient knowledge or information to form a belief as to the truth of that allegation and on that basis denies that allegation.  Defendant denies the remaining allegations contained in paragraph 39.

40.     Answering paragraph 40 of the SAC, Defendant admits that JENN GERS informed Defendant that HARRY GERS suffered from anxiety.  As to the remaining allegations contained in paragraph 40, Defendant is without sufficient knowledge or information to form a belief as to the truth of those allegations and on that basis denies those allegations contained therein.

41.     Answering paragraph 41of the SAC, Defendant denies the allegations contained therein.

42.     Answering paragraph 42 of the SAC, Defendant admits it received

LIEBERT  CASSIDY  WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

7

emails and had phone calls and meetings with JENN GERS.  Defendant denies the remaining allegations contained in paragraph 42.

43.     Answering paragraph 43 of the SAC, Defendant admits the Gers' family requested shorter school days and a reduced course schedule for HARRY GERS.  As to the remaining allegations in paragraph 43, Defendant is without sufficient knowledge or information to form a belief as to the truth of those allegations and on that basis denies those allegations.

44.     Answering paragraph 44 of the SAC, Defendant admits the Gers' family requested shorter school days and a reduced course schedule for HARRY GERS.  Defendant admits that Dr. Rus Allen spoke with Elisa Schultz.  As to the remaining allegations in paragraph 44, Defendant is without sufficient knowledge or information to form a belief as to the truth of those allegations and on that basis denies those allegations.

45.     Answering paragraph 45 of the SAC, Defendant admits it had meeting with JENN and GLENN GERS on November 16, 2016.  Defendant denies the remaining allegations contained in paragraph 45.

46.     Answering paragraph 46 of the SAC, Defendant denies that "DOES 1 through 10" attended the November 16, 2016 meeting.  Defendant admits the remaining allegations contained in paragraph 46.

47.     Answering paragraph 47 of the SAC, Defendant denies the allegations contained therein.

48.     Answering paragraph 48 of the SAC, Defendant denies the allegations contained therein.

49.     Answering paragraph 49 of the SAC, Defendant denies the allegations contained therein.

50.     Answering paragraph 50 of the SAC, Defendant denies the allegations contained therein.

51.     Answering paragraph 51 of the SAC, Defendant admits that on or

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

around December 2016, JENN and GLENN GERS requested that Defendant refund the 2016-2017 school year tuition. Defendant denies the remaining allegations contained in paragraph 51.

52.     Answering paragraph 52 of the SAC, Defendant denies that HARRY GERS was dismissed from School.  As to the remaining allegations in paragraph 52, Defendant is without sufficient knowledge or information to form a belief as to the truth of those allegations and on that basis denies those allegations.

53.     Answering paragraph 53 of the SAC, Defendant denies that Harry was dismissed and that the GERS were unable to locate another comparable school for a significant period of time.  As to the remaining allegations in paragraph 53, Defendant is without sufficient knowledge or information to form a belief as to the truth of those allegations and on that basis denies those allegations.

54.     Answering paragraph 54 of the SAC, the allegations are conclusions of law as opposed to allegations of fact, and accordingly, no answer is required.  To the extent an answer is required, Defendant denies that HARRY GERS was dismissed from School, the Gers family was unable to locate another comparable school for a significant period of time, and that Plaintiffs are entitled to the damages or relief requested.  As to the remaining allegations in paragraph 54, Defendant is without sufficient knowledge or information to form a belief as to the truth of those allegations and on that basis denies those allegations.

## FIRST CLAIM OF RELIEF
## VIOLATIONS OF TITLE III OF THE ADA

55.     Answering paragraph 55 of the SAC, Defendant incorporates by reference its answer to paragraphs 1 through 54.

56.     Answering paragraph 56 of the SAC, the allegations are conclusions of law as opposed to allegations of fact, and accordingly, no answer is required.  To the extent an answer is required, Defendant denies the allegations.

57.     Answering paragraph 57 of the SAC, the allegations are conclusions of

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

Defendant New Roads School's Answer to Plaintiffs' Second Amended Complaint

9369055.11 NE070-013

law as opposed to allegations of fact, and accordingly, no answer is required. To the extent an answer is required, Defendant denies those allegations.

58. Answering paragraph 58 of the SAC, the allegations are conclusions of law as opposed to allegations of fact, and accordingly, no answer is required. To the extent an answer is required, Defendant denies those allegations.

59. Answering paragraph 59 of the SAC, the allegations are conclusions of law as opposed to allegations of fact, and accordingly, no answer is required. To the extent an answer is required, Defendant denies those allegations.

60. Answering paragraph 60 of the SAC, the allegations are conclusions of law as opposed to allegations of fact, and accordingly, no answer is required. To the extent an answer is required, Defendant is without sufficient knowledge or information to form belief as to the truth of the allegations contained therein and on that basis denies each and every allegation contained therein.

61. Answering paragraph 61 of the SAC, the allegations are conclusions of law as opposed to allegations of fact, and accordingly, no answer is required. To the extent an answer is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and on that basis denies each and every allegation contained therein.

62. Answering paragraph 62 of the SAC, Defendant admits that during the time period of HARRY GERS' attendance at School, School provided HARRY with multiple accommodations. As to the remaining allegations in paragraph 62, Defendant is without sufficient knowledge or information to form a belief as to the truth of those allegations and on that basis denies those allegations.

63. Answering paragraph 63 of the SAC, Defendant admits that during the time period of HARRY GERS' attendance at School, School provided HARRY with multiple accommodations. As to the remaining allegations in paragraph 63, Defendant is without sufficient knowledge or information to form a belief as to the truth of those allegations and on that basis denies those allegations.

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

10

64.     Answering paragraph 64 of the SAC, the allegations are conclusions of law as opposed to allegations of fact, and accordingly, no answer is required.  To the extent an answer is required, Defendant denies those allegations.

65.     Answering paragraph 65 of the SAC, the allegations are conclusions of law as opposed to allegations of fact, and accordingly, no answer is required.  To the extent an answer is required, Defendant denies those allegations.

66.     Answering paragraph 66 of the SAC, the allegations are conclusions of law as opposed to allegations of fact, and accordingly, no answer is required.  To the extent an answer is required, Defendant denies those allegations.

67.     Answering paragraph 67 of the SAC, the allegations are conclusions of law as opposed to allegations of fact, and accordingly, no answer is required.  To the extent an answer is required, Defendant denies those allegations.

68.     Answering paragraph 68 of the SAC, the allegations are conclusions of law as opposed to allegations of fact, and accordingly, no answer is required.  To the extent an answer is required, Defendant denies those allegations.

69.     Answering paragraph 69 of the SAC, the allegations are conclusions of law as opposed to allegations of fact, and accordingly, no answer is required.  To the extent an answer is required, Defendant denies those allegations.

## SECOND CLAIM OF RELIEF

## VIOLATIONS OF THE ADA ANTI-RETALIATION PROVISION

70.     Answering paragraph 70 of the SAC, Defendant incorporates by reference its answer to paragraphs 1 through 69.

71.     Answering paragraph 71 of the SAC, the allegations are conclusions of law as opposed to allegations of fact, and accordingly, no answer is required.  To the extent an answer is required, Defendant denies those allegations.

72.     Answering paragraph 72 of the SAC, the allegations are conclusions of law as opposed to allegations of fact, and accordingly, no answer is required.  To the extent an answer is required, Defendant denies those allegations.

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

11

73.     Answering paragraph 73 of the SAC, the allegations are conclusions of law as opposed to allegations of fact, and accordingly, no answer is required.  To the extent an answer is required, Defendant denies those allegations.

74.     Answering paragraph 74 of the SAC, Defendant denies the allegations contained therein.

75.     Answering paragraph 75 of the SAC, the allegations are conclusions of law as opposed to allegations of fact, and accordingly, no answer is required.  To the extent an answer is required, Defendant denies those allegations.

76.     Answering paragraph 76 of the SAC, the allegations are conclusions of law as opposed to allegations of fact, and accordingly, no answer is required.  To the extent an answer is required, Defendant denies those allegations.

77.     Answering paragraph 77 of the SAC, the allegations are conclusions of law as opposed to allegations of fact, and accordingly, no answer is required.  To the extent an answer is required, Defendant denies those allegations.

78.     Answering paragraph 78 of the SAC, the allegations are conclusions of law as opposed to allegations of fact, and accordingly, no answer is required.  To the extent an answer is required, Defendant denies those allegations.

## THIRD CLAIM OF RELIEF

## VIOLATIONS OF THE REHABILITATION ACT

79.     Answering paragraph 79 of the SAC, Defendant incorporates by reference its answer to paragraphs 1 through 78.

80.     Answering paragraph 80 of the SAC, the allegations are conclusions of law as opposed to allegations of fact, and accordingly, no answer is required.  To the extent an answer is required, Defendant denies those allegations.

81.     Answering paragraph 81 of the SAC, the allegations are conclusions of law as opposed to allegations of fact, and accordingly, no answer is required.  To the extent an answer is required, Defendant denies those allegations.

82.     Answering paragraph 82 of the SAC, the allegations are conclusions of

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

9369055.11 NE070-013

law as opposed to allegations of fact, and accordingly, no answer is required.  To the extent an answer is required, Defendant denies those allegations.

83.    Answering paragraph 83 of the SAC, the allegations are conclusions of law as opposed to allegations of fact, and accordingly, no answer is required.  To the extent an answer is required, Defendant denies those allegations.

84.    Answering paragraph 84 of the SAC, the allegations are conclusions of law as opposed to allegations of fact, and accordingly, no answer is required.  To the extent an answer is required, Defendant denies those allegations.

85.    Answering paragraph 85 of the SAC, the allegations are conclusions of law as opposed to allegations of fact, and accordingly, no answer is required.   To the extent an answer is required, Defendant is without sufficient knowledge or information to form belief as to the truth of the allegations contained therein and on that basis denies each and every allegation contained therein.

86.    Answering paragraph 86 of the SAC, the allegations are conclusions of law as opposed to allegations of fact, and accordingly, no answer is required.  To the extent an answer is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and on that basis denies each and every allegation contained therein.

87.    Answering paragraph 87 of the SAC, Defendant admits that during the time period of HARRY GERS' attendance at School, School provided HARRY with multiple accommodations.  As to the remaining allegations in paragraph 87, Defendant is without sufficient knowledge or information to form a belief as to the truth of those allegations and on that basis denies those allegations.

88.    Answering paragraph 88 of the SAC, Defendant admits that during the time period of HARRY GERS' attendance at School, School provided HARRY with multiple accommodations.  As to the remaining allegations in paragraph 88, Defendant is without sufficient knowledge or information to form a belief as to the truth of those allegations and on that basis denies those allegations.

LIEBERT  CASSIDY  WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

Defendant New Roads School's Answer to Plaintiffs' Second Amended Complaint

9369055.11 NE070-013

89.     Answering paragraph 89 of the SAC, the allegations are conclusions of law as opposed to allegations of fact, and accordingly, no answer is required.  To the extent an answer is required, Defendant denies those allegations.

90.     Answering paragraph 90 of the SAC, the allegations are conclusions of law as opposed to allegations of fact, and accordingly, no answer is required.  To the extent an answer is required, Defendant denies those allegations.

91.     Answering paragraph 91 of the SAC, the allegations are conclusions of law as opposed to allegations of fact, and accordingly, no answer is required.  To the extent an answer is required, Defendant denies those allegations.

92.     Answering paragraph 92 of the SAC, the allegations are conclusions of law as opposed to allegations of fact, and accordingly, no answer is required.  To the extent an answer is required, Defendant denies those allegations.

93.     Answering paragraph 93 of the SAC, the allegations are conclusions of law as opposed to allegations of fact, and accordingly, no answer is required.  To the extent an answer is required, Defendant denies the allegations.

94.     Answering paragraph 94 of the SAC, the allegations are conclusions of law as opposed to allegations of fact, and accordingly, no answer is required.  To the extent an answer is required, Defendant denies those allegations.

95.     Answering paragraph 95 of the SAC, the allegations are conclusions of law as opposed to allegations of fact, and accordingly, no answer is required.  To the extent an answer is required, Defendant denies those allegations.

96.     Answering paragraph 96 of the SAC, Defendant denies the allegations.

97.     Answering paragraph 97 of the SAC, the allegations are conclusions of law as opposed to allegations of fact, and accordingly, no answer is required.  To the extent an answer is required, Defendant denies those allegations.

98.     Answering paragraph 98 of the SAC, the allegations are conclusions of law as opposed to allegations of fact, and accordingly, no answer is required.  To the extent an answer is required, Defendant denies those allegations and denies that

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

14

Plaintiffs are entitled to the damages or relief requested.

## **FOURTH CLAIM OF RELIEF**

## **VIOLATIONS OF THE UNRUH ACT**

99.     Answering paragraph 99 of the SAC, Defendant incorporates by reference its answer to paragraphs 1 through 98.

100.   Answering paragraph 100 of the SAC, the allegations are conclusions of law as opposed to allegations of fact, and accordingly, no answer is required. To the extent an answer is required, Defendant is without sufficient knowledge or information to form belief as to the truth of the allegations contained therein and on that basis denies each and every allegation contained therein.

101.   Answering paragraph 101 of the SAC, the allegations are conclusions of law as opposed to allegations of fact, and accordingly, no answer is required.  To the extent an answer is required, Defendant denies those allegations.

102.   Answering paragraph 102 of the SAC, the allegations are conclusions of law as opposed to allegations of fact, and accordingly, no answer is required.  To the extent an answer is required, Defendant denies those allegations.

103.   Answering paragraph 103 of the SAC, the allegations are conclusions of law as opposed to allegations of fact, and accordingly, no answer is required.  To the extent an answer is required, Defendant denies those allegations.

104.   Answering paragraph 104 of the SAC, Defendant denies the allegations.

105.   Answering paragraph 105 of the SAC, the allegations are conclusions of law as opposed to allegations of fact, and accordingly, no answer is required.  To the extent an answer is required, Defendant denies those allegations.

106.   Answering paragraph 106 of the SAC, the allegations are conclusions of law as opposed to allegations of fact, and accordingly, no answer is required.  To the extent an answer is required, Defendant denies those allegations and denies that Plaintiffs are entitled to the damages or relief requested.

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

# FIFTH CLAIM OF RELIEF

## BREACH OF CONTRACT

107.   Answering paragraph 107 of the SAC, Defendant incorporates by reference its answer to paragraphs 1 through 106.

108.   Answering paragraph 108 of the SAC, the allegations are conclusions of law as opposed to allegations of fact, and accordingly, no answer is required.  To the extent an answer is required, Defendant admits the Enrollment Contract is a written agreement between JENN and GLENN GERS and Defendant, but denies the remaining allegations.

109.   Answering paragraph 109 of the SAC, the allegations are conclusions of law as opposed to allegations of fact, and accordingly, no answer is required.  To the extent an answer is required, Defendant denies those allegations.

110.   Answering paragraph 110 of the SAC, the allegations are conclusions of law as opposed to allegations of fact, and accordingly, no answer is required.  To the extent an answer is required, Defendant denies those allegations.

111.   Answering paragraph 111 of the SAC, the allegations are conclusions of law as opposed to allegations of fact, and accordingly, no answer is required.  To the extent an answer is required, Defendant admits the Enrollment Contract mentions the Student and Parent Handbook, but denies the remaining allegations.

112.   Answering paragraph 112 of the SAC, the allegations are conclusions of law as opposed to allegations of fact, and accordingly, no answer is required.  To the extent an answer is required, Defendant denies those allegations.

113.   Answering paragraph 113 of the SAC, the allegations are conclusions of law as opposed to allegations of fact, and accordingly, no answer is required.  To the extent an answer is required, Defendant denies those allegations.

114.   Answering paragraph 114 of the SAC, the allegations are conclusions of law as opposed to allegations of fact, and accordingly, no answer is required.  To the extent an answer is required, Defendant denies those allegations.

115.   Answering paragraph 115 of the SAC, the allegations are conclusions of law as opposed to allegations of fact, and accordingly, no answer is required.  To the extent an answer is required, Defendant denies those allegations and denies that Plaintiffs are entitled to the damages or relief requested.

## SIXTH CLAIM OF RELIEF

## UNFAIR TRADE PRACTICES

Violation of Bus. & Prof. Code Sections 17200, et. Seq.

116.   Answering paragraph 116 of the SAC, Defendant incorporates by reference its answer to paragraphs 1 through 115.

117.   Answering paragraph 117 of the SAC, the allegations are conclusions of law as opposed to allegations of fact, and accordingly, no answer is required.  To the extent an answer is required, Defendant denies those allegations.

118.   Answering paragraph 118 of the SAC, the allegations are conclusions of law as opposed to allegations of fact, and accordingly, no answer is required.  To the extent an answer is required, Defendant denies those allegations.

119.   Answering paragraph 119 of the SAC, the allegations are conclusions of law as opposed to allegations of fact, and accordingly, no answer is required.  To the extent an answer is required, Defendant denies those allegations.

120.   Answering paragraph 120 of the SAC, the allegations are conclusions of law as opposed to allegations of fact, and accordingly, no answer is required.  To the extent an answer is required, Defendant denies those allegations.

121.   Answering paragraph 121 of the SAC, the allegations are conclusions of law as opposed to allegations of fact, and accordingly, no answer is required.  To the extent an answer is required, Defendant denies those allegations.

122.   Answering paragraph 122 of the SAC, Defendant admits it provides programs for students with autism and accommodates students with disabilities, but denies the remaining allegations.

123.   Answering paragraph 123 of the SAC, the allegations are conclusions

17

9369055.11 NE070-013

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

1   of law as opposed to allegations of fact, and accordingly, no answer is required.  To

2   the extent an answer is required, Defendant denies those allegations.

3       124.   Answering paragraph 124 of the SAC, the allegations are conclusions

4   of law as opposed to allegations of fact, and accordingly, no answer is required.  To

5   the extent an answer is required, Defendant denies those allegations.

6       125.   Answering paragraph 125 of the SAC, the allegations are conclusions

7   of law as opposed to allegations of fact, and accordingly, no answer is required.  To

8   the extent an answer is required, Defendant denies those allegations and denies that

9   Plaintiffs are entitled to the damages or relief requested.

## PRAYER

11  Defendant denies, generally and specifically, that Plaintiffs have been

12  damaged in any amount at all, by reason of any act, omission or other conduct on

13  the part of Defendant, or on the part of Defendant's agents, representatives, and/or

14  employees.  Defendant further denies, generally and specifically, that Plaintiffs are

15  entitled to the relief sought in the SAC or the Prayer for Relief, or any other relief

16  sought whatsoever.  Defendant generally denies any allegations of Plaintiff's SAC

17  not specifically admitted herein.

## AFFIRMATIVE DEFENSES

19  Defendant alleges the following separate and affirmative defenses as to the

20  claims and allegations set forth in the SAC.  Defendant is informed and believes,

21  and based thereon alleges, that it may have other separate and/or additional

22  defenses of which it is not presently aware, and hereby reserves the right to assert

23  them by amendment to this Answer as discovery continues.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State Sufficient Facts to Constitute a Cause of Action)

26  1.   Plaintiffs' SAC, and each claim therein, fails to state a claim upon

27  which relief may be granted against Defendant.

28  \ \ \

LIEBERT  CASSIDY  WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

9369055.11 NE070-013

## SECOND AFFIRMATIVE DEFENSE

### (Legitimate Business Reason)

2.     Plaintiffs' SAC, and each claim therein, is barred because Defendant had legitimate, non-discriminatory, and non-retaliatory motivations and reasons for its decisions which were not a pretext for illegal discrimination or retaliation.

## THIRD AFFIRMATIVE DEFENSE

### (Lack of Malice)

3.     Plaintiffs' SAC, and each claim therein, is barred because at all times, Defendant acted without malice and with a good faith belief in the propriety of its conduct.

## FOURTH AFFIRMATIVE DEFENSE

### (Statute(s) of Limitation)

4.     Plaintiffs' SAC, and each claim therein, is barred by the applicable statutes of limitation.

## FIFTH AFFIRMATIVE DEFENSE

### (Laches)

5.     Plaintiffs' SAC, and each claim therein, is barred by the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

### (Good Faith)

6.     Plaintiffs' Second Amended Complaint, and each claim therein, is barred because at all times, Defendant acted in good faith and in conformity with applicable laws, ordinances, regulations, rules, and policies.

## SEVENTH AFFIRMATIVE DEFENSE

### (Reasonable Care)

7.     Plaintiffs' SAC, and each claim therein, is barred because at all times, Defendant exercised reasonable care to avoid any and all alleged wrongful conduct and to eliminate such when it might occur.

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

9369055.11 NE070-013

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

## EIGHTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Remedies)

8.     Plaintiffs' SAC, and each claim therein, is barred by Plaintiffs' failure to comply with Defendant's policies and procedures for reporting violations of laws and School policies.

## NINTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

9.     Plaintiffs' SAC, and each claim therein, is barred by Plaintiffs' failure to take reasonable affirmative action to mitigate their damages.

## TENTH AFFIRMATIVE DEFENSE

### (No Detrimental Reliance)

10.     Plaintiffs' SAC, and each claim therein, is barred by virtue of Plaintiffs' own conduct and/or by the lack of detrimental reliance on any action or statement of Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

11.     Plaintiffs' SAC is limited or barred based on after-acquired evidence that Defendant has presently and/or may acquire during the course of this litigation.

## TWELFTH AFFIRMATIVE DEFENSE

### (Agency)

12.     Plaintiffs' SAC, and each claim therein, is barred because any unlawful or other wrongful acts taken by Defendant's agents or employees were outside the scope of their authority and such acts, if any, were not authorized, ratified by or condoned by Defendant, and Defendant did not know nor should not have known of such conduct.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Intervening and Superseding Acts)

13.     The intervening and superseding acts or omissions of persons or

entities other than Defendant, and for whose acts or omissions Defendant is not responsible, proximately caused Plaintiffs' alleged losses, injuries or damages described in the SAC.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Mixed Motive)

14.     Defendant alleges that the SAC, and each and every claim therein, is barred because Defendant's legitimate and non-retaliatory motivations and reasons for its decisions, if any, standing alone, induced it to make those decisions.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Punitive Damages)

15.     Plaintiffs are not entitled to recover any punitive damages because the SAC does not plead facts sufficient to support the recovery of punitive damages and because Defendant committed no acts justifying an award of punitive damages.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

16.     Plaintiffs' SAC, and each claim therein, is barred by the doctrine of unclean hands.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Waiver)

17.     Plaintiffs' SAC, and each claim therein, is barred by the doctrine of waiver.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Immediate and Appropriate Action)

18.     Plaintiffs' SAC, and each claim for relief therein, is barred on the ground that Defendant took immediate and appropriate efforts to investigate and remedy Plaintiffs' complaints, if any.

\ \ \

\ \ \

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

**NINTEENTH AFFIRMATIVE DEFENSE**

**(Lack of Knowledge)**

19. The SAC, and all causes of action alleged therein, is barred as Defendant alleges Plaintiffs cannot establish that Defendant had actual or constructive knowledge of alleged intolerable actions or conditions, including any alleged discrimination or retaliation, and of their impact and could have remedied the situation.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Consent)**

20. Plaintiffs' SAC, and each claim for relief therein, is barred on the ground that Plaintiffs consented.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Legal Remedies Adequate)**

21. Plaintiffs' request for injunctive relief is barred because there is an adequate remedy at law.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Lack of Standing)**

22. Plaintiffs Jenn and Glenn Gers' second and third causes of action for retaliation under the Americans with Disabilities Act and Rehabilitation Act are barred because Jenn and Glenn Gers lack standing.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(No Causation)**

23. Plaintiffs' SAC, and each claim for relief therein, is barred because Plaintiffs' causes of action for discrimination and retaliation fail because there is no nexus between the alleged adverse action and any alleged protected classification or protected activity.

\ \ \

\ \ \

22

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

## TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (Compliance with Applicable Law)

24.    Plaintiffs' SAC, and each claim for relief therein, is barred because Defendant acted in conformity with, and authorized by, applicable constitutional laws, state and federal laws, regulations, ordinances, and all other laws.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (No Ratification)

25.    Plaintiffs' SAC, and each claim for relief therein, is barred because Plaintiffs cannot establish that any of the alleged conduct was ratified by Defendant.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (Comparative Negligence/Contribution)

26.    Defendant alleges that Plaintiffs failed to exercise reasonable and ordinary care, caution or prudence, and that the alleged injuries or damages, if any, were proximately caused and/or contributed to by Plaintiffs' own negligence and/or intentional conduct and therefore, any recovery to which Plaintiffs might otherwise be entitled must be reduced by reason of Plaintiffs' contributory or comparative negligence and/or intentional conduct.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE
### (Estoppel)

27.    Defendant alleges that the SAC, and the causes of action alleged therein, is barred by the doctrine of estoppel.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE
### (Frivolous Action)

28.    Defendant alleges that Plaintiffs' claims are frivolous, unreasonable, and groundless, and accordingly, Defendant should recover all costs and attorneys' fees incurred herein.

\ \ \

9369055.11 NE070-013

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (No Costs, Attorneys' Fees)

29.     Defendant alleges that each cause of action alleged in the SAC is insufficient to support an award for attorneys' fees, expert witness fees, and other litigation fees, costs, and expenses against Defendant.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

30.     Defendant alleges that Plaintiffs may not recover damages in this action because, under the circumstances presented, it would constitute unjust enrichment.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Not Qualified)

31.     The SAC, and each of the remaining claims contained therein, is barred because Plaintiffs are not qualified individuals with a disability, as defined in the Americans with Disabilities Act and the Rehabilitation Act and their implementing regulations.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Reasonable Accommodation/Undue Hardship)

32.     Defendant reasonably accommodated Plaintiff Harry Gers, and any further accommodations would have resulted in an undue hardship to Defendant.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (No Actions Taken In Connection with a Protected Status or Act)

33.     Defendant did not take any action against Plaintiffs on the basis of disability or because of their membership in any other protected class, nor did Defendant take any action against Plaintiffs because of their alleged protective activities.

9369055.11 NE070-013

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

## THIRTY-FOURTH AFFIRMATIVE DEFENSE
### (No Violation - All Claims)

34.   The claims of Plaintiffs are barred because Defendant has not directly or indirectly performed or failed to perform any act that violated Plaintiffs' rights under common law, statute, code, ordinance, regulation, order or otherwise.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE
### (Offset - All Claims)

35.   Plaintiffs' damages, if any, are subject to set-off for damages incurred by and amounts owed to Defendant.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE
### (Punitive Damages – Excessive Fines/Due Process - All Claims)

36.   Defendant is not liable for any alleged exemplary or punitive damages because such damages violate its rights under the United States and California Constitutions, including, but not limited to, its right to due process and against excessive fines.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE
### (Satisfaction and Accord/Release and Waiver - All Claims)

37.   Plaintiffs' claims are barred by the doctrine of accord and satisfaction and release and waiver.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE
### (Unreasonable Requests for Accommodation; Fundamental Alteration of Program)

38.   The SAC, and each of the remaining claims contained therein, is barred because Plaintiffs' requests for accommodations were unreasonable and would fundamentally alter the nature of the goods, services, facilities, privileges, advantages or accommodations provided by School.

WHEREFORE, this answering Defendant prays that:

1.   That judgment be entered in favor of Defendant and against Plaintiffs

25

1  on all claims for relief and that the SAC be dismissed, with prejudice;

2      2.      Plaintiffs take nothing by way of their SAC;

3      3.      Defendants be awarded the costs of suit incurred herein, and attorney

4  fees according to proof;

5      4.      Defendants be awarded such other and further relief as the Court may

6  deem just and appropriate.

7

   Dated:  October 5, 2020                     *Liebert Cassidy Whitmore*

8

9

10                              By:      */s/ Alison R. Kalinski*

                                          Max S. Sank
11                                        Alison R. Kalinski
                                          Attorneys for Defendant NEW
12                                        ROADS SCHOOL

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Defendant New Roads School's Answer to Plaintiffs' Second Amended Complaint

9369055.11 NE070-013